# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 24-20182

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

December 6, 2024

Lyle W. Cayce
Clerk

Ryan Edward Miller,

*Plaintiff—Appellant*,

*versus*

The Kroger Company; Kroger Texas, L.P.,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CV-587

———————————————————————

Before Smith, Stewart, and Duncan, *Circuit Judges*.

Per Curiam:[*]

This appeal concerns a premises liability claim originally brought in Texas state court against the Kroger Company and Kroger Texas, L.P. (collectively "Kroger"). Plaintiff Ryan Edward Miller alleged he slipped and fell in a Kroger store in Seabrook, Texas, resulting in head injuries that prevented him from remembering the circumstances of the fall. Kroger removed the lawsuit to the United States District Court for the Southern District of Texas

———————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-20182

and, after Miller filed an amended complaint, moved to dismiss for failure to state a claim.[1]

The district court granted the motion to dismiss on February 14, 2024, dismissing Miller's claim with prejudice. The court reasoned that "[t]he factual allegations in Plaintiff's Amended Complaint fall woefully short of establishing any of the elements for his premises liability claim because he does not and cannot state what the condition was that allegedly caused his injuries." Accordingly, the court ruled that Miller's allegations failed to meet the pleading standard articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). After the district court denied his motion for reconsideration, Miller timely appealed.

We have reviewed the briefs, the record, the applicable law, and the oral arguments of counsel. Essentially for the reasons given by the district court, the judgment is AFFIRMED.

---

[1] Although Kroger filed the motion under Federal Rule of Civil Procedure 12(b)(6), the district court construed it under Rule 12(c) because it was filed after Kroger answered Miller's amended complaint. A Rule 12(c) motion is evaluated under the same standard as a 12(b)(6) motion. *See, e.g.*, *Laviage v. Fite*, 47 F.4th 402, 405 (5th Cir. 2022).